Look already seated and prepared. So we'll just begin. Mr. Myers Thank you, Your Honors. May it please the Court, my name is Rob Myers and I represent the appellant in this matter, Patrick Jones. Your Honors, the Supreme Court in Curtis-Johnson defined physical force under the Armed Career Criminal Act as violent force. The issue before the Court today is whether force that causes only physical uneasiness and mild discomfort can be classified as violent as that term is used in the Armed Career Criminal Act. Under the reasoning of Curtis-Johnson, we believe that the clear answer is no. And Curtis-Johnson I think supplies the reasoning and the principles that can decide this case. Curtis-Johnson was analyzing the meaning of physical force as that term is used in the force clause of the Armed Career Criminal Act. And it said that ultimately context determines meaning. And physical force is not a defined term. So what's the context? The first context is it's in a statute called, in a section of the statute that deals with violent felonies. So the first word the Supreme Court took a look at was the word violent. And it said that violent connotes a substantial degree of force. And it referred to three definitions of the word violent to support this point. One defined violent as moving, acting, or characterized by physical force, especially by extreme and sudden or by unjust or improper force, furious, severe, vehement. The next, characterized by the exertion of great physical force or strength. The next, of or relating to or characterized by strong physical force. Then the Supreme Court said that when you pair the word violent with the word felony, the connotation of strong physical force becomes even clearer. And it cited a definition of the term violent felony from Black's Law Dictionary, which said it's, quote, characterized by extreme physical force such as murder, forcible rape, and assault and battery with a dangerous weapon. So given this reasoning, given this context of defining the term physical force, when the Supreme Court in Curtis Johnson says that physical force is violent force, that is force capable of causing physical pain or injury, de minimis pain is simply not enough. It doesn't make any sense with the context of how Curtis Johnson defines the term physical force in the Armed Career Criminal Act. I'd also note that the conviction here from Mr. Jones for battery to a law enforcement officer is fundamentally Wisconsin's simple battery that is elevated to a felony because of the status of the victim, in this case a law enforcement officer. And is normally a misdemeanor. So in the case Higgs, the Wisconsin Court of Appeals said that the conduct there qualified as there was battery by prisoner, which is simple battery that's just committed by a prisoner. So it's the same standard. It's intentionally causing bodily harm. They said that the conduct there was convictable under the statute because at the very least it was conduct that caused physical uneasiness that qualified as mild discomfort. Your honors, force that causes mild discomfort has no connection to physical force as the Supreme Court defined that term in Curtis Johnson, I think the seventh circuit addressed this very, this very, uh, uh, offense, correct? It did. And, and you're, you're sort of bringing it down to very, the, the discomfort level, but they, they said that, that there had in fact been pain to the guard in that case and sort of distinguished it in as an outlier in that way, or as not an outlier in that way. Correct. Your honor. It is true that in Higgs, the guard testified that the urine thrown in his face caused a stinging sensation in his eyes. But when the Wisconsin court was analyzing whether that conduct satisfied bodily harm, it said, well, it's going to turn on whether it's, it qualifies as pain. And they defined pain as the kind of pain that at the very least could be convictable under the statute as pain that is equivalent to a localized physical lack of wellbeing or physical uneasiness that at the very least qualified as mild discomfort. Thus the element of bodily harm is established. And I think what the seventh circuit missed in Yates is, it really didn't grapple with that definition. It simply said that Curtis Johnson says physical force is violent force that's capable of causing pain. The battery statute under Wisconsin law requires intentionally causing bodily harm. Bodily harm is defined as in part pain. Therefore conviction under the Wisconsin battery statute satisfies Curtis Johnson's definition. But it didn't grapple with all the context that Curtis Johnson supplied when defining physical force. In my mind, there are three categories. Do you think the seventh circuit was wrong? Yes. And in my mind, there are. How can the Supreme Court possibly say a slap in the face would qualify given all the context that you rely on? Well, remember your honor, they didn't say that it would qualify. They said that it might qualify. So in my, to my way of thinking, that's perfectly consistent with the context argument that I'm making an open-handed strike to the face. Why do you think they mentioned the slap in the face as why do you think they mentioned that if they didn't mean to indicate that it would qualify? They did not say that a slap in the face would unreservedly qualify under the force clause. They said a slap in the face might qualify. So you think if there were a state statute that made it a felony to slap someone in the face that it would not qualify as a violent felony? I think that would be a closer question than we have in this case, because I think that a slap in the face is well above physical uneasiness that qualifies at the very least as mild discomfort. So I don't think the court needs to grapple with the harder question of whether a slap might qualify hard because the Supreme Court said it might qualify, right? I mean, that's on the border with this offense, which is far beneath that. I think you'd be hard pressed to argue that a slap in the face is just something that makes you feel mild discomfort. I mean, the slap in the face can be a serious, serious thing. But it's a categorical question. Some people don't slap as hard as other people. Right, and that's what I think makes slapping a difficult case and probably why the Supreme Court said that a slap in the face might qualify. But what I don't think is difficult is when you have a state Supreme Court, sorry, a state court of appeals case telling you that their lowest threshold of pain that will qualify as a conviction as physical uneasiness that qualifies as mild discomfort. Are there any other cases that you've found where the statute's been upheld, the conviction's been upheld on something as low as what's been described in Higgs? No. I mean, we cite some other cases in our brief. But I think the important thing about this is that under the logic of Curtis Johnson, when we're looking at what are the elements of a state offense state law controls, that's a clear rule announced by Curtis Johnson. And then when you analyze whether those elements satisfy the federal definition, you turn to federal law. So we have to take the leading case on what pain is from Wisconsin at face value. And it says that pain under the statute is physical uneasiness that qualified at the very least as mild discomfort. So I think that there are at least three categories of force. There's the easiest case, which Curtis Johnson explicitly rejected, that is physical force that is offensive contact. That doesn't qualify. There's a second category of force that'd be weak and offensive contact obviously causes no pain. That would be the distinction from the line that Higgs drew. There is some pain under the Higgs formulation. So the second category- Say that again. The first category you want us to say is offensive touching that involves no pain. Did I understand that correctly? Yes, you did. Okay. Yeah. Right. And Curtis Johnson rejected that, right? What about offensive touching that causes uneasiness? That would not qualify either. So that's a different category. So there are at least three categories. I mean, if we want to get, you know, really sort of teased into that- Tell us how many there are really. I mean, if it's more than three, we should know that. Well, all the court needs to decide is that there are three to decide this case. There's offensive touching, which Curtis Johnson says doesn't count. There's weak physical force that causes only physical uneasiness and mild discomfort. And I think if that counts, you get absurd results. And then there's a third category of case, which is strong physical force that causes more than de minimis pain. And that would clearly count. Now, whether there's other categories between two and three is something that this court doesn't have to wrestle with at this time. All this court needs to do to decide this case is to hold that weak physical force that causes only physical uneasiness or mild discomfort does not satisfy Curtis Johnson's definition of physical force in the Armed Career Criminal Act. Why would it be limited to weak physical force? What if it's strong physical force that causes physical uneasiness? Wouldn't that be covered by this statute? I think it's going to be a rare case where strong physical force causes only mild discomfort. But yeah, I think that strong physical force that... I suppose then there's weak physical force that causes severe pain. Again, I mean, I think that those would be outlier cases. It just depends on who gets hurt. I mean, people are... Sure. Right. I mean, you know, the actual point is... ...greater or lesser susceptible to... Right. ...experienced pain. But I think the important thing is where we're going to draw the lines about force. And Wisconsin isn't just saying, you know, in this case it caused mild discomfort or physical uneasiness. It's saying force that could only cause that amount, right? So ignore these harder cases of, you know, like the eggshell plaintiff or something. Wisconsin is telling us that if we could have conduct that is force that is only capable of causing physical uneasiness or mild discomfort, that's enough to convict under the Battery Statute. And that cannot be squared with the context of how Curtis Johnson defines the term physical force. They use words like furious, severe, vehement. In examples of the crime of violent felony, they give murder, forcible rape, assault with a dangerous weapon. That has no connection to force that is capable of causing only mild discomfort or physical uneasiness. And that's why I think that the reasoning of Curtis Johnson... You know, and I recognize that this would be a departure from this court's decisions interpreting similar definitions of bodily harm. For example, the definition of bodily harm in Minnesota, which I think is word for word identical to Wisconsin. But what's different is Minnesota doesn't have a case like Higgs that says that force that is capable of causing only mild discomfort or physical uneasiness is enough to convict. Would throwing urine in the face of a correctional officer causing a burning and stinging sensation be enough to convict in Minnesota? Probably would, wouldn't it? Under Minnesota's Battery Statute? Yes, the one to which you were just referring, where you said that the ruling you seek here would be a departure from our precedent in Minnesota. Right. So we'd have to look at assault. And so under fifth degree assault, which is the lowest form of assault, which refers to intentionally causing or attempting to cause bodily harm. Yeah, I think that probably... So why is Wisconsin any different than if the Higgs ratio came out the same way in Minnesota? Because Wisconsin sets the floor lower in terms of how it defines pain. There's no case in Minnesota that gives a similar definition of pain. I mean, Curtis Johnson clearly says when it comes to the elements of state law offense, state law controls, right? Well, we just don't have any other Wisconsin cases, it sounds like, that fleshes out what this language might mean. The best case you have is Higgs, and that would count under Minnesota, too. That's all I was trying to confirm. Yeah. I'm not sure it would qualify under Minnesota, but that isn't relevant, I don't think. I think whether you think that throwing urine in someone's face that causes a burning sensation would qualify or would not qualify. The question is whether force that is only capable of causing physical uneasiness or mild discomfort qualifies. I mean, that's the principle of Hays. They said that that's enough for pain. How can that be squared with the context of Curtis Johnson? I don't think that it can. Counselor, do you want to keep your last minute? I would like to. Thank you, Your Honor. Mr. Genrich. May it please the court, good morning, Your Honors. Good morning, Mr. Myers. David Genrich on behalf of the United States, and I also represented the government below. I'd like to be responsive to some of the court's questions as well as engage in Mr. Myers' argument here this morning. Mr. Myers spent a good deal of time revisiting sort of the journey that the Curtis Johnson took in reaching its destination, and I'd like to start by focusing more on the destination. That is, Curtis Johnson answered the question of what it means to use, attempt the use, or threaten the use of physical force in the context of the Armed Career Criminal Act. They answered the question, the Supreme Court. They said what it means is using force capable of causing physical pain or injury. Now, the appellant's argument really boils down to trying to create various gradations of pain and examining the definition of pain. There's, and what the Wisconsin court did was use the common ordinary meaning of pain. They used the dictionary definition of pain. Every time an appellant talks about mental discomfort or physical uneasiness, what an appellant is talking about is pain as is common, ordinarily understood. And in Curtis Johnson, what they looked to in defining the terms of the Armed Career Criminal Act was the dictionary definition. When they defined physical force, they said the Armed Career Criminal Act doesn't define physical force. So we look at the common ordinary meaning, and they cited Webster's Dictionary. That's exactly the technique and protocol that the Wisconsin court used here to define pain. This court has held on a number of occasions now that where a state statute requires the actual infliction of bodily harm or bodily injury, it does not satisfy Curtis Johnson. In fact, it exceeds the Curtis Johnson standard because Curtis Johnson requires force capable of causing physical pain or injury. Most recently in this court's Winston decision authored by Judge Colleton, and that is just a few months ago, 845, Fed Third, 876, the court favorably cited Justice Scalia's concurrence in by definition, essentially, if you cause injury or pain, you've used force capable of causing injury or pain. And that's exactly on all fours with the situation we have with the Wisconsin statute. Is there anything in that standard that requires that the pain be on some scale? There's not, Your Honor. And here I do think context matters. If we remember in Curtis Johnson, they were distinguishing a Florida battery statute that criminalized the merest touching. That's the context. What the Curtis Johnson court is endeavoring to do is figure out in the context of a battery statute that criminalizes merest touching, do we have physical force? So pain is adopted in context as a counterbalance to the merest touching as this court has explored in its questions to appellant. So there is no gradations of pain standard in use the ordinary common meaning of terms and defining the statute. And so there's no reason to conclude otherwise that the Supreme Court wouldn't have used and didn't mean pain in its common ordinary meaning. That is the dictionary definition. Now, I think each of you have asked questions of appellant about Higgs and the actual application of the definition in Wisconsin. And here too, it's in all fours with this course jurisprudence about the fact that when you cause actual pain, you have used force capable of causing actual pain. And the Winston case is a good example. The peril case, the rice case, and Garcia Longoria cited in the government's brief on all four of those occasions, this court has recognized that when a state statute criminalizes the actual infliction or causation of pain or injury, you've exceeded the standard announced in Curtis Johnson. So context does matter, but the context of Curtis Johnson is to distinguish the merest touching from force capable of causing pain. And that answers the question in this case. With respect to the other statutes that this court has found comply with the force clause of the ACCA, Judge Kelly, you off authored an opinion in the Scott case, for example, cited in the government's brief, as well as the Nebraska statute in Garcia Longoria. And in each of those cases, the court recognized that where the state's defined bodily harm or bodily injury as pain, illness, or impairment of physical condition, just as Wisconsin does. And in each of those opinions, this course cited that definition explicitly, that it satisfied the force clause of the Armed Square Criminal Act. And in fact, in the Scott case, the court compared the Missouri standard of pain, injury, or impairment to the Arkansas standard of substantial pain, impairment, or injury, and found that there was no meaningful distinction, I think, were the words of the court in Scott. That if you've got a standard like Missouri, which is on all fours with Wisconsin in all material respects, under this court's Arkansas statute complied, that the Missouri statute complied. And again, it is no extension at all of the holdings in cases like Scott and Garcia Longoria to find that the definition of bodily harm in Wisconsin satisfies the force clause. I would like, again, to amplify the appellant's argument depends on attacking the use of the dictionary definition of pain by the statutory construction would approach defining pain in exactly the same way. Absent a statutory definition, the court would look to the common, ordinary definition. And that's exactly what the Supreme Court did in the ACCA context in Curtis-Johnson. Judge Kelly drew attention to the Yates decision out of the Seventh Circuit, of course, the circuit in which the Wisconsin sits. And the Yates case addressed each and every argument raised by appellant here. And in fact, in the district court case in Yates cited in the government's brief, each of the cases cited by appellant out of the Wisconsin court system with respect to the application of the battery statute was examined. And both the district court and the Seventh Circuit concluded that there is no application of the pain standard under Wisconsin battery that doesn't involve actual pain or injury. I'd close, Your Honor, is absent any further questions by noting that this court has also held on repeated occasions that the Armed Career Criminal Act and the categorical standard is not an invitation to apply legal imagination to the categorical standard. And it's not, it doesn't call for fanciful hypotheticals about application of the standard. And to the extent appellant's brief cites examples that have no grounding in the actual application of Wisconsin law as interpreted by those courts, I'd ask that you not rely on them. What matters here is how Wisconsin courts have interpreted their statute. They've done so using the ordinary common meaning of the term pain. And they've done so in applying it to real world factual situations that demonstrate actual pain or injury. And so in your view, while Higgs does refer to physical uneasiness, mild discomfort, is it your position that no Wisconsin court has upheld a conviction under that low, very low standard? I think that's, may I have two responses, Your Honor? Most directly, I think it's true that there are no Wisconsin cases that the government has found that apply that standard. As to whether that standard is low or not, I think the government would respectfully take issue. Because again, what the Wisconsin Supreme Court simply did was use the dictionary definition of pain. Now, there can be gradations of pain, and Judge Carlton explored some of them with counsel. The Supreme Court didn't call upon either itself or any court to examine physical force in terms of gradations of pain. So perhaps it's a repeat question, but in your view, pain is pain. There's a dictionary definition of it. It's the word the Supreme Court used. There's really no more analysis after that? As long as a state court uses the common, ordinary definition of pain. As Wisconsin did. Exactly, Your Honor. And that's consistent again with how Curtis Johnson construed the term physical force in relying on the dictionary definition absent statutory meaning. And the government would submit it's consistent with how this court has construed other state statutes that use pain, injury, impairment of physical condition, and illness to define bodily injury and bodily harm. There isn't any calling for examining the very fine gradations of pain to further layer Curtis Johnson with additional requirements. Curtis Johnson gave the answer of what physical force means. It means pain or injury. There's no need then to extrapolate from the definition of pain and create additional levels. After any other further questions from the court, the government would rest on its written Thank you very much. Thank you, Mr. Kinrich. Mr. Myers. Thank you. We don't need legal imagination in this case. In Moncrief v. Holder, the Supreme Court said because it's a categorical approach, you look at the minimum conduct necessary to convict under the statute, and you ask whether that minimum conduct qualifies under the relevant federal definition. Higgs is that case. This is literally what Higgs says. They're analyzing, was the conviction proper? They say, quote, Higgs's actions caused a localized physical lack of well-being or physical uneasiness that at the very least qualified as mild discomfort. Thus, the element of bodily harm is established. Higgs is telling us, is applying this rule, and says something that causes only mild discomfort is a conviction. There's no way that that can be squared with the definition of physical force in Curtis Johnson. If you define pain that lowly, it's difficult to imagine what would not qualify. A mere touching like in Florida wouldn't qualify. I gather that was the holding of Curtis Johnson. No, I don't think so. Because in Curtis Johnson, the mere touching, the offensive contact, there was no connection between that and pain. They didn't say offensive contact that causes a little bit of pain. They said the merest touching, that's nothing more than offensive contact. You can clearly do offensive contact without causing pain. An annoying poke doesn't cause pain, but it's offensive contact. Well, I was just responding to your statement. It's hard to imagine what would not qualify. That wouldn't qualify. And that's what Curtis Johnson said. But I think force that's capable of causing at the very least only mild discomfort cannot be squared with the analysis Curtis Johnson employs to define physical force, especially because it says capable of causing physical pain. I mean, that makes it even broader. There has to be some can be a violent felony under the Armed Career Criminal Act. The Armed Career Criminal Act is designed to reach the worst of the worst. I guess there are further questions. Thank you, counsel. The court wishes to express our gratitude to both of you for your presence, your argument you provided the court. The briefing you submitted will take your case under advisement and be accepted.